### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| INGELA SOLY, ) | |
| ) | |
|               Plaintiff, ) | |
| ) | |
| SOLITUDE RIDGE JUDGMENT LLC, ) | |
| ) | |
|            Intervenor ) | CIV. NOS.: 1991/212 and 1995/84 |
|    v. ) | (Consolidated Cases) |
| ) | |
| JOHN WARLICK, et al. ) | |
| ) | |
|       Defendant/Counterclaimant ) | |
|       Third Party Plaintiff ) | |
| _____) | |

## ORDER GRANTING MOTION FOR RECONSIDERATION OF ORDER DATED OCTOBER 1, 2010

Finch, Senior Judge

      **THESE MATTERS** come before the Court on Intervenor Solitude Ridge Judgment LLC's ("Solitude") Motion For Reconsideration of this Court's October 1, 2010 Order (Civ. Docket 1995-cv-84, Doc. 222) and Defendant John Warlick's Request For Entry of Satisfaction of Judgment (Civ. Docket 1995-cv-84, Doc. 225).  For the reasons stated below, the Court grants Solitude's Motion for Reconsideration and finds that Solitude is entitled to a deficiency judgment.  The Court denies Defendant Warlick's request for an entry of satisfaction of judgment.

I.    **Facts**

Solitude is the assignee of a debt and foreclosure judgment against Defendant Warlick,

issued by this Court on December 4, 1997. (*See* Amended Judgment of Debt and Foreclosure,

Civ. Docket 1991-cv-212, Doc. 231)   The foreclosed property, Plot 16BA of Estate Coakley

Bay, St. Croix (the "Coakley Bay Property"), was sold at a Marshal's sale on October 1, 2007;

Solitude purchased the Coakley Bay Property by credit bid for $200,000. (*See* Civ. Docket No.

1991-cv-212, Doc. 266)   Defendant Warlick did not object to the sale.  This Court entered an

order confirming the sale on October 31, 2007.  (*Id.*)  On April 29, 2008, Cruzan Terraces, Inc.,

the assignee of Defendant Warlick's right of redemption, redeemed the Coakley Bay Property by

paying approximately $215,000 to the United States Marshal.  (*See* Civ. Docket No. 1:08-cv-

00064, Doc. 6)[1]

On December 10, 2007, Solitude filed a Motion For Order Confirming Sale and

Deficiency Judgment.  (*See* Civ. Docket No. 1991-cv-212, Doc. 267)  That motion indicated that

the proceeds of the sale were insufficient to fully satisfy its judgment against Warlick and sought

a deficiency judgment for the unpaid balance.  For reasons presently unclear to the Court, that

motion was terminated on the ECF system without a ruling.  On May 1, 2008, Solitude filed its

Motion to Correct Order Confirming Sale Dated October 1, 2007 Nunc Pro Tunc, seeking to

amend the October 31, 2007 Order Confirming Sale, under Fed. R. Civ. P. 60(a), to include a

deficiency judgment against Defendant Warlick for the remaining balance of its judgment.  (*See*

Civ. Docket 1995-cv-84, Doc. 190)

---

[1] Solitude received $211,900.75 from the redemption of the Coakley Bay Property.  (*See* Case
No. 1:08-cv-00064, Doc. 6)

On May 5, 2008, this Court granted Solitude's Motion to Amend and entered an Amended Order Confirming Sale and Deficiency Judgment, declaring a deficiency judgment against Defendant Warlick in the amount of $494,965.05, which reflected the difference between the sale price of the Coakley Bay Property and the amount of the underlying judgment. (*See* Civ. Docket 1995-cv-84, Doc. 191)  Defendant Warlick subsequently sought to vacate that Amended Order on several grounds, including that he had not been properly served with the Motion to Amend, that a Motion to Amend was an improper method of obtaining a deficiency judgment, and that Restatement (Third) of Property (Mortgages) § 8.4 was the proper method of calculating a deficiency judgment.[2]  (*See* Civ. Docket 1991-cv-212, Doc. 277)  On July 7, 2008, this Court vacated the Amended Order to allow Defendant Warlick to file an opposition to Solitude's Motion to Amend.  (*See* Civ. Docket 1995-cv-84, Doc. 197)  On February 2, 2009, this Court denied Solitude's Motion to Amend on the grounds that Fed. R. Civ. P. 60(a) did not authorize the Court to amend an order confirming sale to enter a deficiency judgment.  (*See* Civ. Docket 1991-cv-212, Doc. 278)

On January 14, 2010, Solitude filed a motion, seeking either a "clarification" from the Court that Defendant Warlick still owed it $555,748.53 as of December 18, 2009, or a deficiency judgment in the same amount. (*See* Civ. Docket 1995-cv-194, Doc. 220)  On October 1, 2010 this Court issued an Order: 1) finding that the Restatement (Third) of Property (Mortgages) § 8.4 controlled Solitude's request for a deficiency judgment; 2) finding that any deficiency judgment to which Solitude was entitled would be determined by the fair market value of the Coakley Bay

---

[2] As discussed below, the Restatement allows a court to calculate a deficiency judgment based on the fair market value of the property at the time of foreclosure sale as opposed to the actual sale price of the property.

Property at the time of the Marshal's sale (and not the actual foreclosure sale price); and 3) ordering that the parties submit evidence to the Court regarding the fair market value of the Coakley Bay Property at the time of the sale. (*See* Civ. Docket 1995-cv-84, Doc. 221)

On October 15, 2010, Solitude filed its Motion for Reconsideration. Defendant responded to that motion on October 21 and 22, 2010, requesting a stay of the Court's October 1, 2010 Order and an entry of satisfaction of judgment. On November 19, 2010, this Court stayed its October 1, 2010 Order pending resolution of Solitude's Motion for Reconsideration and Defendant Warlick's Motion for Entry of Satisfaction of Judgment. (*See* Civ. Docket 1995-cv-194, Doc. 229)

## II.   Motion for Reconsideration

This Court previously held that Solitude may seek a deficiency judgment against Defendant Warlick, but because there was "no Virgin Island statute or case on point" regarding the procedure for calculating the amount of a deficiency judgment, the amount of any such deficiency would be governed by Restatement (Third) of Property (Mortgages) § 8.4, which provides that the amount of a deficiency judgment is the calculated using the fair market value of the Coakley Bay Property at the time it was sold, not the actual sale price. (*See* October 1, 2010 Order, Case No. 95-cv-84, Doc. 221) Solitude seeks reconsideration of this holding.

Section 531 of Title 28 of the Virgin Islands Code states that:

A lien upon real property, other than that of a judgment, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby, by an action of an equitable nature. In such action, in addition to the judgment of foreclosure and sale, if it appears that a promissory note or other personal obligation for the payment of the debt has been

4

given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also adjudge a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary judgment for the recovery of money.

Thus, when a person obtains a mortgage, signs a promissory note guaranteeing his or her debt on the mortgage obligation, and then defaults on the note and mortgage, section 531 allows the mortgagor to foreclose on the property *and* obtain a debt judgment on the underlying promissory note against the mortgagee. *See U.S. Dept. of Agric. Rural Hous. v. Phillips*, 2010 WL 1529297, at \*4 (D.V.I. 2010) ("In an action for foreclosure in the Virgin Islands, a court is required to address the outstanding debt, if any, in the judgment of foreclosure." (citing 28 V.I.C. § 531)). This procedure was followed in this case; Solitude has both a judgment of foreclosure on the Coakley Bay Property and a debt judgment against Defendant Warlick personally. (*See* Amended Judgment of Debt and Foreclosure)

Section 534 of Title 28 of the Virgin Islands Code outlines the procedure used to enforce a judgment obtained through section 531 and states in pertinent part:[3]

(c) *When the judgment is also against the defendants or any one of them in person, and the proceeds of the sale of the property upon which the lien is foreclosed are not sufficient to satisfy the judgment as to the sum remaining unsatisfied to either, the judgment may be enforced by execution as in ordinary cases.* When in such case the judgment is in favor of different persons not united

---

[3] As far as the Court is aware, neither party raised this statute in any of their briefs regarding Solitude's claim for a deficiency. This does not, of course, prevent the Court from considering it *sua sponte*. *See United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (A court may reconsider its own prior order provided that it has not been divested of jurisdiction over it); *Scholl's 4 Seasons Motor Sports, Inc. v. Arctic Cat Sales, Inc.*, 2011 WL 94200, at \*1 (N.D. Ill. 2011) ("[S]ua sponte, or at the request of a party, the Court can reconsider a prior ruling." (citing *Jenkins v. Keating*, 147 F.3d 577, 581 (7th Cir. 1998))); *Martin v. U.S. Post Office*, 752 F. Supp. 213, 215 (N.D. Tex. 1990) (holding that a district court may "reconsider, *sua sponte* its prior rulings"). However, to give the parties an opportunity to address section 534, on June 27, 2011, the Court ordered the parties to brief whether it had any effect on Solitude's request for a deficiency judgment.

in interest, it shall be deemed a separate judgment as to such persons, and may be enforced accordingly.

After reviewing 28 V.I.C. § 534 in the context of Virgin Island law governing foreclosure and post judgment execution procedures, the Court finds that section 534 applies to this case and is contrary to the Restatement (Third) of Property (Mortgages) § 8.4. Section 534 covers the specific question before this Court—how to calculate the amount of a deficiency judgment following a foreclosure sale. When read in conjunction with 28 V.I.C. § 531, section 534(c) provides that a judgment creditor, possessed with a judgment of foreclosure *and* debt, may continue to execute on his or her debt judgment when the "the proceeds of the [foreclosure] sale" are insufficient to "satisfy the [debt] judgment." Section 534(c)'s use of the phrase "the sum remaining" in reference to the "proceeds of the sale" being insufficient to "satisfy the judgment" indicates that "the sum remaining," i.e., deficiency, is the arithmetical difference between "the judgment" and the "proceeds of the sale." In other words, section 534 provides that a deficiency is calculated based on the proceeds of the foreclosure sale, not the fair market value of the property.

This construction is buttressed by the Supreme Court of Oregon's interpretation of an identical statute, Oregon Revised Statute § 88.060(2) (2003). Oregon courts have found that this statute authorizes a court to "enter a deficiency judgment in those cases in which the proceeds of sale are insufficient to pay all creditors." *Franklin v. Spencer*, 789 P.2d 643, 645 (Or. 1990) (citing Or. Rev. Stat. § 88.060(2)). Section 88.060 outlines "the procedure adopted in this state for the enforced collection of the *remainder* . . . [when] the *proceeds of the sale* of the mortgaged property were insufficient to *satisfy the debt*." *Wright v. Wimberly*, 184 P. 740, 744 (Or. 1919) (emphasis added); *see also German Sav. & Loan Soc. v. Kern*, 63 P. 1052, 1053 (Or. 1901)

(under section 88.060, following "[a] decree foreclosing a mortgage, and also against the mortgagor for the amount of the debt secured thereby," a judgment debtor "becomes liable for any deficiency that may remain after the application of the proceeds of the sale of the property upon which the lien is foreclosed.").[4]  In other words, Oregon has interpreted its identical statute the same way that the Court does now—that a "deficiency judgment" reflects the "sum remaining" after the proceeds of the sale are applied to the debt judgment.

The Restatement, on the other hand, gives the judgment debtor the option of offsetting the difference between the "unpaid balance of the mortgage obligation" and "foreclosure sale price" by the "fair market value of the real estate as of the date of the foreclosure sale."

---

[4] The Court finds these Oregon cases persuasive authority that section 534 authorizes deficiency judgments calculated as the difference between the sale price and the debt judgment.  The statute at issue, 28 V.I.C. § 534, was enacted as part of the "1921 Codes."  *See* Mun. Code of St. Croix, tit. III, ch. 41, § 4 (1921), 28 V.I.C. § 534, (microformed on Codes, Ordinances. Laws, and Resolutions of the Virgin Islands: 1917-1954, call no. LL-0301 (Library of Congress)). "The 1921 Codes were 'developed by two young lawyers, Leslie Curry and Denzil Noll, both of whom had come to the U.S. Virgin Islands from the Territory of Alaska soon after 1917. Taking as their lodestar the Alaska Code which, in turn, *was derived from the Oregon Code*, these two young lawyers compiled two separate codes-one for each municipality.'" *Bermudez v. V.I. Tel. Corp.*, No. SX-10-CV-298, 2011 WL 321000, at *6 (V.I. Super. Ct. 2011) (citing John D. Merwin, *The U.S. Virgin Islands Come of Age: A Saga of Progress in the Law*, 47 A.B.A. J. 778, 779 (1961) (emphasis added)).  The Supreme Court of Oregon's interpretation of a statute identical to section 534 is thus highly persuasive.  *See Berkeley v. W. Indies Enters., Inc.*, 480 F.2d 1088, 1092 (3d Cir. 1973) ("[T]he language of a Virgin Islands statute which has been taken from the statutes of another jurisdiction is to be construed to mean what the highest court of the jurisdiction from which it was taken had, prior to its enactment in the Virgin Islands, construed it to mean."); *James v. Henry*, 157 F. Supp. 226, 227 (D.V.I. 1957) (noting that the Virgin Islands "borrowed" laws from Alaska, which in turn "borrowed" them from Oregon and therefore applying Oregon case law in construing Virgin Islands statute of limitations); *Chase Manhattan Bank v. Robert-Surzano*, No., 2009 WL 1871467, at *7-8 (D.V.I. App. Div. 2009) (noting that "Oregon's foreclosure process is [] akin to the procedure in the Virgin Islands" and relying on Oregon case law in construing 5 V.I.C. §§ 492 and 500).

Restatement (Third) of Property (Mortgages) § 8.4.[5]   Stated slightly differently, under the

Restatement, if the judgment debtor so requests, the "deficiency" owed to the judgment creditor

is roughly the difference between the *fair market value* of the property as of the date of the

foreclosure sale—not the actual sale price—and the unpaid balance on the mortgage obligation.[6]

Furthermore, section 534 provides that a judgment creditor may recover the deficiency

between proceeds of the sale and the underlying debt judgment "by execution as in ordinary

cases."   In "ordinary" debt cases, a judgment creditor may execute against property of the

judgment debtor until the judgment is completely satisfied. *See, e.g.,* 5 V.I.C. § 480(6) ("When

property has been attached, and it is probable that such property will not be sufficient to satisfy

the judgment, the execution may be levied on other property of the judgment debtor without

delay.").   Furthermore, when a judgment creditor executes against personal property of a

judgment debtor, "the proceeds of the sale" are used to determine whether there is an unsatisfied

---

[5] "The fair market value determination of this section is not self-executing. Unless the deficiency
defendant affirmatively requests such a determination, the foreclosure sale price, rather than the
property's fair market value, will be used to compute the deficiency . . . ." Restatement (Third) of
Property (Mortgages) § 8.4, cmt. b.

[6] The Restatement approach "rejects the traditional view that the amount realized at the
foreclosure sale is automatically applied to the mortgage obligation and that the mortgagee is
entitled to a judgment for the balance. Instead, it adopts the position of the substantial number of
states that, by legislation or judicial decision, afford the deficiency defendant the right to insist
that the greater of the fair market value of the real estate or the foreclosure sale price be used in
calculating the deficiency." Restatement (Third) of Property (Mortgages) § 8.4, cmt. a.   The
Court finds that section 534 expresses the "traditional view" rejected by the Restatement.  And as
pointed out by Solitude, many other jurisdictions still follow the "traditional view." *See, e.g.,
Wood River Development, Inc. v. Armbrester*, 547 So.2d 844, 848 (Ala. 1989) (affirming award
of deficiency judgment which was the balance owed on the debt after subtracting out the
foreclosure sale purchase price); *Iwan Renovations, Inc. v. North Atlanta Nat. Bank*, 673 S.E.2d
632, 634-35 (Ga. App. 2009) ("A deficiency judgment is the imposition of personal liability on
mortgagor for unpaid balance of mortgage debt after foreclosure has failed to yield full amount
of due debt.") (citation omitted).

balance on the judgment. 5 V.I.C. § 480(1).   If the Legislature intended judgment creditors to execute on the unpaid balance of a debt judgment following a foreclosure sale "as in ordinary cases," it could not have meant that judgment debtors be able to invoke a fair market valuation defense not available in "ordinary cases."

The Court finds that section 534 is contrary to the Restatement (Third) of Property (Mortgages) § 8.4.  A deficiency owed by a judgment debtor following a foreclosure sale cannot be calculated based on both the "proceeds of the sale" *and* the "fair market value of the real estate as of the date of the foreclosure sale."  This Court's prior holding that the Restatement (Third) of Property (Mortgages) § 8.4 applies in calculating the amount of a deficiency judgment following a foreclosure sale was based on its incorrect understanding that there was "no Virgin Island statute or case on point."  (*See* October 1, 2010 Order at 3)  Because there is a Virgin Islands statute on point that is contrary to the Restatement, the Restatement does not apply.  1 V.I.C. § 4 (Restatement applies only "in the absence of local laws to contrary"); *Virgin Islands v. United Indus. Workers, N.A.,* 169 F.3d 172, 177 (3d Cir. 1999) (applying Restatement to contract dispute "[b]ecause there is no Virgin Islands statute on point"); *Mortg. Elec. Registration Sys., Inc. v. Patock*, 310 Fed. Appx. 542, 545 (3d Cir. 2009) (unpublished) (applying Restatement (Third) of Property (Mortgages) § 7.1 because "[t]here is no local Virgin Islands law contrary to the relevant provisions in the Restatement").  Although the purpose behind the fair market valuation contained in the Restatement is commendable, and perhaps even preferable to the procedure employed by 28 V.I.C. § 534, this Court is bound by Virgin Islands law.  Accordingly,

the Court must reverse its prior ruling that Restatement (Third) of Property (Mortgages) § 8.4 governs the calculation of a deficiency judgment against Defendant Warlick.[7]

Turning now to the amount of the deficiency judgment, as of December 18, 2009, taking into account the $211,900.75 that Solitude received from Cruzan Terraces, Inc. from its redemption of the Coakley Bay Property, the outstanding judgment against Defendant Warlick as of April 29, 2008, the date of the redemption, was $485,825.94.  Pursuant to the Amended Judgment of Debt and Foreclosure, interest accrues on the $300,000 principle at $98.63 per day "until paid in full."  Thus, as of August 11, 2011, the amount of the outstanding judgment against Defendant Warlick is $604,181.94 and continues to grow at $98.63 a day until paid in full.

## III.     Motion for Entry of Satisfaction of Judgment

Defendant Warlick contends that he is entitled to an order of satisfaction of judgment because this Court's October 31, 2007 Order confirming the foreclosure sale was a "final order" that divested this Court of jurisdiction over this case, including Solitude's request for a deficiency judgment.  Defendant Warlick also argues that Solitude was required to seek a deficiency judgment prior to confirming the foreclosure sale.  The Court is not persuaded by either of these contentions.

---

[7] "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted).  Because this Court's October 1, 2010 Order contained an error of law, reconsideration is warranted.

First, the October 31, 2007 Order Confirming Sale did not divest this Court of jurisdiction to grant a deficiency judgment in favor of Solitude.  As stated by the Supreme Court over a century ago, this Court retains jurisdiction to enforce its own judgments:

> [T]he rule is universal, that if the power is conferred to render the judgment or enter the decree, it also includes the power to issue proper process to enforce such judgment or decree . . . [T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.

*Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867); *see also Bryan v. BellSouth Communications, Inc.,* 492 F.3d 231, 236 (4th Cir. 2007) ("As a general rule, courts have jurisdiction to enforce their own judgments."); *McKee-Berger-Mansueto, Inc. v. Board of Educ. of Chicago*, 691 F.2d 828, 831 (7th Cir. 1982) ("[T]here can be little doubt that the district court, having had jurisdiction over the original [] suit between MBM and the Board, possessed jurisdiction to enforce the judgment it rendered." (citing *Riggs,* 73 U.S. at 187)); *Gregris v. Edberg*, 645 F. Supp. 1153, 1157 (W.D. Pa. 1986), *aff'd*, 826 F.2d 1055 (3rd Cir. 1987) ("[T]he court certainly does have the authority and the duty to protect and effectuate its judgment."); *Kashi v. Gratsos,* 712 F. Supp. 23, 25 (S.D.N.Y. 1989) ("A federal district court's jurisdiction to enforce its judgments by conducting supplemental proceedings and issuing orders is an inherent and 'long recognized' authority.") (citations omitted).

Assuming that the October 31, 2007 Order confirming sale was a "final order" as urged by Defendant Warlick, that still would not deprive the Court of jurisdiction to enter a deficiency judgment.  "A final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment." *Marcelle v. Virgin Islands*, 2011 WL 3493354, at *2 (V.I. Supreme Ct., June 17, 2011) (citing *In re Truong*, 513 F.3d 91, 94

11

(3d Cir. 2008)).  The "deficiency judgment" or "clarification" that Defendant Warlick still owes

the unpaid portion of the debt judgment sought by Solitude is part of its attempt to execute on its

debt judgment.  Section 534 of title 28 of the Virgin Islands code authorizes a judgment creditor

to execute on the remaining unsatisfied portion of a debt judgment following a foreclosure sale.

While it may have become the practice for parties to request and for courts to enter a "deficiency

judgment" when the proceeds of a foreclosure sale are insufficient to cover a debt judgment

during the confirmation proceedings,[8] the language of section 534 does not actually require that

a judgment creditor obtain something called a "deficiency judgment" in order to continue

executing on an unsatisfied debt judgment.[9]   As the Court retains jurisdiction to enforce its

judgments, and a deficiency judgment is but a means of executing on the unsatisfied portion of a

debt judgment obtained as the result of a foreclosure, the Court has jurisdiction to enter a

deficiency judgment on Solitude's behalf even though the foreclosure sale has been confirmed.

---

[8]  *See, e.g.*, *Bank of N.S. v. Family Broad., Inc*., 121 F. App'x. 440, 441 (3d Cir. 2005)
(unpublished decision) (noting that the Territorial Court had entered an "Order Confirming Sale
and Deficiency Judgment against James in the amount of $4,509.67".)

[9] The Oregon Supreme Court reached a similar conclusion in *Wright* when interpreting Or. Rev.
Stat. § 88.060(2):

> Where, after personal service of process, a decree was rendered against a
> defendant, foreclosing a mortgage given to secure a promissory note, and the
> proceeds of the sale of the mortgaged property were insufficient to satisfy the
> debt, the procedure adopted in this state for the enforced collection of the
> remainder, after the return of the order of sale, has been to cause to be issued,
> *without further leave of court*, an execution as in ordinary cases. It will thus be
> seen that, though our statute does not in express terms provide for giving a
> "deficiency judgment," such authority is impliedly conferred by [section 88.060]
> which prescribes the method to be pursued to collect the remainder after a sale of
> land upon the foreclosure of a mortgage securing the payment of a promissory
> note, and the general practice based upon that clause of the statute has been to
> incorporate in the decree an order which is equivalent to the rendering of such a
> judgment.

*Wright*, 184 P. at 744 (emphasis added).

Furthermore, the cases and statute cited by Defendant Warlick do not support his contention that a deficiency judgment must be requested prior to confirmation of a foreclosure sale or that an order confirming sale divests a court of further jurisdiction over a case. The statute relied on for these contentions, 5 V.I.C. § 489, governs the procedures for *confirming a foreclosure sale*, not for awarding or calculating a deficiency judgment. Once a foreclosure sale has occurred and the Marshal has filed with the Court a "return" of the sale, section 489 provides that a judgment debtor has five days within which to file an objection to the sale. 5 V.I.C. § 489(1). If there are no objections, the sale must be confirmed. *Id.*[10] However, neither section 489 nor 28 V.I.C. § 534 contain a similar strict time provision regarding a deficiency judgment.[11] The Court is not persuaded that the confirmation procedures contained in section 489 were also meant to govern deficiency proceedings.[12]

Defendant also cites *Camacho v. Dodge*, 947 F. Supp. 886 (D.V.I. App. Div. 1996). In *Camacho*, a judgment debtor sought to challenge a foreclosure sale nearly a year after it had been confirmed on the basis that, just prior to the sale, a sheriff had ignored her oral invocation

---

[10] At least one court interpreting section 489 has opined that its purpose was "to protect the rights of a good faith purchaser." *First Pa. Bank, N.A. v. Viscount*, 15 V.I. 318, 323, 1978 V.I. LEXIS 7 (V.I. Terr. Ct. 1978).

[11] The Court notes that other jurisdictions have *statutory* deadlines for seeking a deficiency judgment. *See, e.g.,* Okla. Stat. tit. 12 § 686 (2010) ("Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a post-judgment deficiency order . . . .").

[12] The Court does not rule out the possibility that equitable considerations *may* impose some time restrictions on a request for a deficiency judgment following confirmation of a foreclosure sale. However, the eight weeks that passed between confirmation and Solitude's first request for a deficiency judgment in this case do not implicate such concerns.

13

of the statutory homestead exemption.[13]   The appellate division held that while 5 V.I.C. § 489

did not authorize the trial court to entertain this untimely objection to the foreclosure sale, Fed.

R. Civ. P. 60(b) did and remanded the case for a determination of whether the homestead

exception applied.  *Camacho*, 947 F. Supp. at 892-93.  *Camacho* did not address 28 V.I.C. § 534

nor deficiency judgments and is not helpful here.

Finally, Defendant Warlick references this Court's Order of February 2, 2009 wherein it

held that Fed. R. Civ. P. 60(a) did not authorize the Court to amend its Order Confirming Sale to

include a deficiency judgment because that was "a substantive change beyond the scope of Rule

60(a)."  That holding was not a determination that Solitude had waived its ability to obtain a

deficiency judgment (as implied by Defendant Warlick) or that the Court no longer had

jurisdiction over the case.  Rather, that order merely held that obtaining a deficiency judgment

through amendment of the confirmation order under Rule 60(a) was inappropriate.

Accordingly, it is hereby

**ORDERED** that Solitude's Motion to Alter Judgment to Clarify the Outstanding

Judgment or in the Alternative to Declare a Deficiency is **GRANTED**;

**ORDERED** that Solitude's Motion For Reconsideration is **GRANTED**;

---

[13] The homestead exemption, 5 V.I.C. § 478, provides that a judgment debtor's homestead
cannot be sold to satisfy a judgment provided that "[s]uch homestead must be the actual abode of
and owned by such family or some members thereof. It shall not exceed thirty thousand dollars
in value, nor exceed five acres in extent if not located in a town laid off into blocks or lots, or if
located in any such town, then it shall not exceed one-fourth of one acre."

**ORDERED** that Solitude is **GRANTED** a deficiency judgment against Defendant Warlick in the amount of $604,181.94 as of August 11, 2011;

**ORDERED** that this judgment continues to grow at $98.63 a day until paid in full;

**ORDERED** that Defendant Warlick's Motion for Entry of Satisfaction of Judgment is **DENIED**;

**ORDERED** that Defendant Warlick's Motion to Expedite Determination of Deficiency and Satisfaction of Judgment is **DENIED** as Moot;

**ORDERED** that Defendant's Warlick's Motion for Leave to File Supplemental Brief Out of Time is **GRANTED**.

**ENTERED** this 17th day of August, 2011.

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE

15